IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Ocala Division

Case No.:_____

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| | ) COMPLAINT |
| Plaintiff, | ) ) ) JURY TRIAL DEMANDED |
| vs. | ) ) ) |
| EXCEL HOSPITALITY GROUP LLC D/B/A REGENCY PARK ASSISTED LIVING & MEMORIAL CARE | ) ) ) ) ) |
| Defendant. | ) ) |

**PLAINTIFF UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S COMPLAINT AND DEMAND FOR JURY TRIAL
[INJUNCTIVE RELIEF REQUESTED]**

This is an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended, including by the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k); Title I of the Civil Rights Act of 1991; and 42 U.S.C. § 1981 to correct unlawful employment practices on the basis of sex (female) and to provide appropriate relief to the Charging Party Jessica Silvers, who was adversely affected by such practices. Plaintiff the United States Equal Employment Opportunity Commission alleges that Defendant, Excel Hospitality Group, LLC d/b/a Regency Park Assisted Living & Memorial Care ("Regency

1

Park"), discriminated against Jessica Silvers by failing to hire her because of her pregnancy, a condition of her sex (female).

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(l) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(l) and (3), the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e-(k), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Florida, Ocala Division.

## PARTIES

3. The EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(l) and (3), and the Pregnancy Discrimination Act, 42 U.S.C. § 2000e-(k).

4. At all relevant times, Regency Park has continuously been a corporation doing business in the State of Florida and has continuously had at least fifteen (15) employees.

5. At all relevant times, Regency Park has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-l(b), (g) and (h).

## ADMINISTRATIVE PROCEEDINGS

6. More than thirty days prior to the institution of this lawsuit, Jessica Silvers filed a charge with the EEOC alleging that Regency Park violated Title VII by discriminating against her on the basis of her sex.

7. Prior to the institution of this lawsuit, the EEOC issued a Letter of Determination to Regency Park finding reasonable cause to believe that Title VII was violated when Regency Park failed to employ Ms. Silvers because of her sex/pregnancy. The Letter of Determination invited Regency Park to join with the EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

8. Prior to the institution of this lawsuit, the EEOC issued to Defendant a Notice of Failure of Conciliation advising Regency Park that the EEOC was unable to secure from Regency Park a conciliation agreement acceptable to the EEOC.

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

10. Regency Park provides housing and care for residents with Alzheimer's, memory loss, dementia, or special behavioral needs at a facility in Eustis, Florida.

11. In May 2018, there was a vacancy for a Caregiver/Certified Nurse Assistant ("CNA") position at Regency Park.

12. Ms. Silvers was qualified for the CNA position, as she had her CNA license and had previously worked as a CNA.

13. Ms. Silvers called Regency Park to inquire about the position, and Regency Park invited her to interview for the position.

14. On or around May 9, 2018, Ms. Silvers filled out an application and Regency Park's Director of Nursing interviewed Ms. Silvers for the position.

15. During the interview, the Director of Nursing indicated that Ms. Silvers was hired with a start date of May 14, 2018.

16. Ms. Silvers then filled out Regency Park's new employee paperwork. While doing so, Silvers mentioned to a Regency Park employee that she was pregnant.

17. On May 14, 2018, Ms. Silvers called Regency Park to confirm that she would start that evening.

18. Later that day, the Director of Nursing returned Ms. Silvers's call. She told Ms. Silvers that she had learned Ms. Silvers was pregnant and was concerned about her missing work. The Director of Nursing stated that she would need to speak with her manager and would call her back.

19. Regency Park's Executive Director then called Ms. Silvers and informed her that Regency Park "decided to go with someone else" for the CNA position.

20. Regency Park hired someone who was not pregnant for the CNA position.

21. As a result of Regency Park failing to employ her, Ms. Silvers suffered damages, including but not limited to, the pain and humiliation of being denied a position for which she was qualified.

## STATEMENT OF CLAIMS

22. Paragraphs 10 through 21 are incorporated herein.

23. Regency Park engaged in unlawful employment practices in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2 and the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e-(k), by failing to employ Charging Party Jessica Silvers because of her pregnancy, a condition of her sex (female).

24. The effect of the practices complained of in paragraphs 10 through 21 above has been to deprive Charging Party Jessica Silvers of equal employment opportunities and otherwise adversely affect her status as an applicant for employment because of her pregnancy, a condition of her sex (female).

25. The unlawful practices complained of in paragraphs 10 through 21 were intentional and caused Charging Party Jessica Silvers to suffer emotional distress including, but not limited to, emotional pain, suffering, humiliation, inconvenience, loss of enjoyment of life, and/or physical damages.

26. The unlawful practices complained of in paragraphs 10 through 21 done intentionally and with malice or with reckless indifference to the federally protected rights of Charging Party Jessica Silvers.

## PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

A. Declare that Regency Park violated Title VII by discriminating against Charging Party Jessica Silvers based on her pregnancy, a condition of her sex (female);

B. Grant a permanent injunction enjoining Regency Park, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from

making employment decisions (including hiring, firing, and promoting) based on sex (female);

C. Order Regency Park to institute and carry out policies, practices, and programs which provide equal employment opportunities for female pregnant applicants and employees and which eradicate the effects of its past and present unlawful employment practices;

D. Order Regency Park to institute a training program for all managers and supervisors who participate in the hiring practice to ensure compliance with federal laws and company policies on nondiscrimination in the hiring process;

E. Order Regency Park to make whole Charging Party Jessica Silvers who was denied employment based on her pregnancy, a condition of her sex (female), by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and all other affirmative relief necessary to eradicate the effects of these unlawful employment practices including, but not limited to, instatement of Silvers into the CNA position for which she was not hired or front pay in lieu thereof;

F. Order Defendant to make whole Charging Party Jessica Silvers by providing compensation for past and future pecuniary losses resulting from the unlawful practices complained of above, including, but not limited to, job search expenses and the like, in amounts to be determined at trial;

G. Order Defendant to make whole Charging Party Jessica Silvers by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including, but not limited to, emotional and/or physical pain, suffering

and mental anguish, humiliation, loss of enjoyment of life, and the like, in amounts to be determined at trial;

  H. Order Defendant to pay Charging Party Jessica Silvers punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial;

  I. Grant such further relief as the Court deems necessary and proper in the public interest; and

  J. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: November 20, 2019

Respectfully Submitted,

SHARON FAST GUSTAFSON
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
U.S. Equal Employment
Opportunity Commission
131 M Street, N.E.
Washington, D.C. 20507

ROBERT E. WEISBERG
Regional Attorney
Florida Bar No: 285676
Email: robert.weisberg@eeoc.gov

KRISTEN FOSLID
Supervisory Trial Attorney
Florida Bar No: 0688681
Email: kristen.foslid@eeoc.gov

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Miami District Office
Miami Tower
100 S.E. 2nd Street, Suite 1500
Miami, Florida 33131

*/s/ Chelsae Johansen Ford*
CHELSAE JOHANSEN FORD
Trial Attorney
Florida Bar No. 106029
Email: Chelsae.Ford@eeoc.gov

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Tampa Field Office
501 E. Polk Street, Suite 1000
Tampa, FL 33602
Tel: 813.202.7929