UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

    Plaintiff,

v.                                                  Case No: 5:19-cv-591-Oc-30PRL

EXCEL HOSPITALITY GROUP, LLC,

    Defendant.

## ORDER

The U.S. Equal Employment Opportunity Commission ("EEOC") filed this action on behalf of Jessica Silvers alleging that Defendant discriminated against Ms. Silvers by failing to hire her because of her pregnancy. Ms. Silvers subsequently filed her complaint in intervention. At issue here are two motions to compel filed by Ms. Silvers seeking better responses to her first requests for production and first set of interrogatories. (Docs. 19, 21). To date, Defendant has not filed any response, and it's time for doing so has expired. *See* Local Rule 3.01(b). Accordingly, the Court will treat both motions as unopposed, and assume that Defendant has no objection.

Ms. Silvers' motion to compel better responses to the first requests for production (Doc. 19) is due to be **GRANTED**. With respect to requests for production numbered 7, 8, 17, 18, 19, 20, and 21, Ms. Silvers argues that Defendant has responded in a way that it is unclear whether all documents responsive to the requests have been produced. In the absence of any objection by Defendant, within **ten (10) days** of this Order, Defendant shall produce all documents responsive to requests for production numbered 7, 8, 17, 18 , 19, 20, and 21; and as to each request, verify that all responsive documents have been produced or that no responsive documents exist.

As for requests numbered 22, 23, 24, and 25, Ms. Silvers argues that Defendant has improperly refused to produce documents upon which it relies in support of its denials, contentions, and defenses in this case. There can be no question that documents pertaining to the person who was hired for the position for which Ms. Silvers applied and sought employment are relevant to this action. Moreover, objections that certain requests (#24, #25) are overly broad or unduly burdensome are not well taken, since Defendant determines which documents support the positions it has taken in this action. Accordingly, and in the absence of any objection, within **ten (10) days** of this Order, Defendant shall produce all documents responsive to requests for production numbered 22, 23, 24, and 25; and as to each request, verify that all responsive documents have been produced or that no responsive documents exist.

Likewise, the motion to compel better responses to the first set of interrogatories (Doc. 21) is due to be **GRANTED.** Defendant's answers to interrogatories numbered 2, 3, 5, 8, 9, and 13 are clearly inadequate. These interrogatories seek very specific details regarding issues central to this case – i.e., Ms. Silvers' interview for the subject job, the hiring process, the decision to not hire Ms. Silvers, and the person who was hired instead. Defendant's answers are incomplete and do not provide many of the details sought by Ms. Silvers. Accordingly, and in the absence of any objection, within **ten (10) days** of this Order, Plaintiff shall serve full and complete responses to interrogatories numbered 2, 3, 5, 8, 9, and 13.

As for interrogatory number 4, Ms. Silvers seeks information about the "care staff" employed by Defendant. While objecting that the interrogatory was overbroad and burdensome, Defendant offered to provide a printout of the requested information. Within **ten (10) days** of this Order, Defendant shall serve a full and complete response to interrogatory number 4. If Defendant

chooses to produce its business records in response, it must do so consistent with the requirements of Federal Rule of Civil Procedure 33(d).

The last interrogatory at issue is number 10 which seeks the identity and employment information regarding other employees who held the same position for which Plaintiff applied and sought employment. While there is no dispute that the requested information is relevant to Ms. Silvers' claims, Defendant objected that the request for two years of records (November 14, 2016 through November 14, 2018) is burdensome due to substantial staff turnover. However, the temporal scope of the request is reasonable and well within the limits consistently approved for employment discrimination cases. *See Holmes v. Quest Diagnostics, Inc.*, No. 11-80567-Civ-Williams/Hopkins, 2012 WL 13113976, at *2 (S.D. Fla. July 12, 2012) ("[s]everal Eleventh Circuit cases have held that two to five years is an appropriate temporal limitation for discovery in employment cases."). Accordingly, and in the absence of any written objection to the motion to compel, Defendant shall serve a full and complete response to interrogatory number 10 within **ten (10) days** of this Order.

Finally, as for Ms. Silvers' request for sanctions, the Court finds that, an award is mandated by Rule 37(a)(4)(A). Where, as here, the motion to compel is granted, and is caused by the failure of a party to provide responsive answers to discovery requests, the Court is required to award the fees and expenses incurred in filing the motion. Only if the Court determines that the motion was filed without the moving party having made a good faith effort to obtain the discovery without court action or the Court determines that the response of the non-moving party was substantially justified or if other circumstances make an award of expenses unjust, is the Court authorized to deny the request for sanctions. None of those exceptions are presented here. Indeed, before filing this motion, counsel for Ms. Silvers corresponded with defense counsel in efforts to obtain the

- 4 -

discovery. Further, because Defendant has not even filed a response to the instant motions – and she has had over a month to do so – the Court assumes that Defendant tacitly concedes that Ms. Silvers' motions are due to be granted and that it does not have a substantial issue to raise in response. For these reasons, Ms. Silvers is entitled to reimbursement for the fees and expenses incurred in preparing and filing the instant motions.

Accordingly, Defendant is hereby ordered to pay to Ms. Silvers the reasonable expenses and attorney's fees incurred by counsel in preparing and filing the instant motion. Ms. Silvers shall submit within ten (10) days of the date of this Order an affidavit detailing the reasonable expenses and fees incurred in preparing and filing the motion to compel. To the extent that Defendant objects to the amount of expenses and fees claimed by Ms. Silvers, Defendant shall file a response within ten (10) days of service of Ms. Silvers' affidavit. Upon receipt of Ms. Silvers' affidavit and any objections by Defendant, the Court will enter an appropriate award or, if necessary, set the matter for an evidentiary hearing.

**DONE** and **ORDERED** in Ocala, Florida on August 7, 2020.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties