UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

    Plaintiff,

v.                                                        Case No: 5:19-cv-591-Oc-30PRL

EXCEL HOSPITALITY GROUP, LLC,

    Defendant.

## ORDER

The U.S. Equal Employment Opportunity Commission ("EEOC") filed this action on behalf of Jessica Silvers alleging that Defendant Excel Hospitality Group, LLC ("Excel") discriminated against Ms. Silvers by failing to hire her because of her pregnancy. Ms. Silvers subsequently filed her complaint in intervention. Attorney Donna DeConna filed answers on behalf of Excel. (Docs. 8, 12).

Over the past several months, Ms. Silvers has filed five motions to compel discovery responses from Excel. (Docs. 18, 19, 21, 29, 32). Excel has not filed any response. On August 7, 2020, the Court granted two motions to compel and ordered Excel to provide discovery responses within ten days and pay Ms. Silvers' reasonable attorney's fees and costs. (Doc. 24, 31). On August 24, 2020, Ms. Silvers filed a motion for sanctions based on Excel's failure to provide discovery responses as required by the Court Order, seeking to strike Excel's answers, entry of default judgment, and award reasonable attorney's fees and costs. (Doc. 27). Again, Excel failed to file any response, and its time for doing so has passed. Ms. Silvers then filed a second motion for sanctions explaining that in addition to not providing the discovery responses in violation of the

Court's Order, Excel had not tendered payment of attorney's fees as required by the Court's Order. (Doc. 34).

On September 25, 2020, the Court directed Excel to show cause why the motions for sanctions (Docs. 27, 34) should not be granted and sanctions imposed against Excel and its counsel for failure to comply with the Court's Orders. (Doc. 35). On October 5, 2020, Attorney Shaddrick A. Haston (*one* of Excel's counsel of record), filed a cursory response, laden with typographical errors, and devoid of any argument as to why sanctions should not be imposed. Instead, Attorney Haston outlined a series of mistakes he personally made, all of which demonstrate a complete failure to manage the case. Attorney Haston acknowledged that he saw the Court's Order compelling the production of additional discovery responses, but that "he failed to calendar the discovery responses and the matter slipped off of [his] radar for responses." (Doc. 36 at ¶¶2-4). He "recalls requesting additional time to respond" and "set up special folders for the case so that emails would be transferred to a specific folder," but then failed to ever check those folders. (*Id*. at ¶¶ 5-6).

Then in an incredulous statement, Attorney Haston claims that he was not aware of any of the subsequent motions filed by Ms. Silvers until his staff alerted him about the Court's September 25, 2020 Order. This is difficult to fathom since a review of the online docket shows that email notification for every motion and Court Order was sent to Attorney Haston's email address, as well as the separate email address for his co-counsel Attorney DeConna. Finally, Attorney Haston acknowledges that this matter "spiraled out of control" and defense counsel "should have picked up the phone and tried to work the matter out with opposing counsel," but he did not. (Doc. 36 at ¶10).

There is no dispute that Excel and its counsel (both of them) failed to comply with the Court's August 7, 2020 Order granting Ms. Silvers' motions to compel and directing production of responsive documents and full and complete interrogatory answers (Doc. 24), and the Court's September 9, 2020 Order directing Excel to remit to Ms. Silvers $4,200.00 in attorney's fees and expenses. (Doc. 31). Based on these failures, Ms. Silvers asks the Court to strike Excel's answers, enter default judgment against Excel, and award Ms. Silvers her reasonable attorney's fees incurred in moving for sanctions.

Rule 37, Federal Rule of Civil Procedure, provides, in relevant part:

> (b) Failure to Comply with a Court Order.
>
> ....
>
> (2) Sanctions in the District Where the Action Is Pending.
>
> (A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent-or a witness designated under Rule 30(b)(6) or 31(a)(4)-fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

> ....
>
> (C) Payment of Expenses. Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

This rule gives district judges broad discretion to fashion appropriate sanctions for violation of discovery orders. However, courts have required a showing of a willful or bad faith failure to obey a discovery order, before imposing the sanction of a default judgment or dismissal. *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir.1993), cert. denied, 510 U.S. 863 (Oct. 4, 1993). And, because default judgment or dismissal is such a severe sanction, it is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the Court's Order. *Id*. Of course, a court may impose lesser sanctions without a showing of willfulness or bad faith on the part of the disobedient party.

Here, the record is troubling. Excel has failed to engage in discovery which has necessitated the filing of five motions to compel and two motions for sanctions by Ms. Silvers. Excel's counsel has not responded to any motion filed by Ms. Silvers. In fact, it was not until the Court threatened sanctioning Excel and its counsel, that Attorney Haston finally filed a responsive paper. Sadly, as discussed above, his response evidenced a complete failure by counsel to manage the case and underscored Excel's total failure to comply with its discovery obligations.

Given the uncertainty as to whether these failings evidence bad faith or some lesser degree of negligence, and because the Court believes it may be possible for a lesser sanction to ensure compliance, the Court declines to strike the answer and enter default judgment at this time. However, Excel, Attorney Haston, and Attorney DeCosta are hereby cautioned that the

undersigned will not hesitate to impose severe sanctions if they fail to comply with this (or other) Court Orders.

Accordingly, Ms. Silvers' motions for sanctions (Docs. 27 and 34) are granted:

1. Within **five days** of this Order, Excel shall produce to Ms. Silvers full and complete discovery responses as directed by this Court's August 7, 2020 Order (Doc. 24).

2. Within **five days** of this Order, Excel shall remit to Ms. Silvers $4,200.00 as ordered by the Court in its September 9, 2020 Order. (Doc. 31).

3. Ms. Silvers has two pending motions to compel (Docs. 29, 32), to which Excel has failed to respond, and its time for doing so has passed. In the absence of any response, and given Ms. Silvers' representation that Excel has failed to serve any response to this outstanding discovery, the motions are due to be **GRANTED**. Within **ten days** of this Order, Excel shall serve full and complete responses to Ms. Silvers' Second Set of Interrogatories, Second Requests for Production, Second Requests for Admission, and Third Requests for Production. The Court finds that Excel has waived any objections it may have had to these discovery requests because it failed to serve timely responses under Rules 33, 34, and 36 of the Federal Rules of Civil Procedure.

4. Excel, Attorney Haston, and Attorney DeCosta are jointly and severally liable for the reasonable expenses, including attorney's fees, incurred by counsel for Ms. Silvers in preparing and filing the instant motions for sanctions (Docs. 27 and 34) and the motions to compel (Docs. 29 and 32). Ms. Silvers shall submit within **ten days** of the date of this Order an affidavit detailing the reasonable attorney's fees and expenses incurred in preparing and filing the motions. To the extent that Excel and counsel object to the amount of expenses and fees claimed by Ms. Silvers, they shall file a response within

**ten days** of service of Ms. Silvers' affidavit. Upon receipt of Ms. Silvers' affidavit and any objections by Defendant and counsel, the Court will enter an appropriate award or, if necessary, set the matter for an evidentiary hearing.

**DONE** and **ORDERED** in Ocala, Florida on October 8, 2020.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy