## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**U.S. EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION,**

     **Plaintiff,**

**v.**                                                                 **Case No: 5:19-cv-591-Oc-30PRL**

**EXCEL HOSPITALITY GROUP, LLC,**

     **Defendant.**

_____

### ORDER

Since June 2020, Plaintiff Jessica Silvers has filed a string of motions to compel and motions for sanctions against Defendant Excel Hospitality Group, LLC ("Excel") for its repeated failure to comply with its discovery obligations and Orders of this Court. (Docs. 18, 19, 21, 27, 29, 32, 34). On October 8, 2020, the Court imposed sanctions on Excel. (Doc. 37). While declining to strike Excel's answer and enter default judgment, the Court ordered Excel to produce all outstanding discovery, found that Excel had waived objections to discovery requests, and required Excel to pay the reasonable attorney's fees incurred by Ms. Silvers in bringing the various motions.

On October 18, 2020, Ms. Silvers filed yet another motion for sanctions seeking default judgment because Excel had failed to comply with this Court's sanctions order. (Doc. 41). Excel filed a response in which it advised that it has now fully complied with the Court's Order. (Doc. 48). While some of its compliance was belated, Excel represents that such noncompliance was merely an oversight and that the mistake was immediately corrected once it was realized. Given this representation, the Court declines to further sanction Excel at this time. Accordingly, Ms. Silver's motion for default judgment (Doc. 41) is due to be **DENIED**.

However, in the October 8, 2020 Order, the Court found that Excel and its counsel, Attorney Haston and Attorney DeCosta, are jointly and severally liable for the reasonable expenses, including attorney's fees, incurred by counsel for Ms. Silvers in preparing and filing the motions to compel and motions for sanctions. (Doc. 37).

As directed, Ms. Silvers filed the Declaration of Attorney Mark Dillman and Affidavit of Attorney Edwin "Trip" Green. (Doc. 39). Excel and its counsel have not filed a response in opposition and their time for doing so has passed. Because the Court has already found that Ms. Silvers is entitled to its reasonable expenses and attorney's fees incurred in preparing and filing the motions, the only issue still open for consideration is the amount of the reasonable expenses and fees. Ms. Silver's counsel, Mark Dillman of the law firm of James P. Tarquin, P.A., represents that he expended a total of 9.4 hours in preparing and filing the motions. He seeks to recover an hourly rate of $300.00, although Attorney Green averred that $400.00 is a reasonable hourly rate given counsel's experience. (Doc. 39 at 4-10). Thus, Ms. Silvers seeks to recover $2,820.00 in total attorney's fees.

Because Defendant and its counsel failed to file a response in opposition, the Court lacks the benefit of the scrutiny and analysis of the requested fees from the opposing party. *See, e.g., Godoy v. New River Pizza, Inc.*, 565 F. Supp. 2d 1345, 1347 (S.D. Fla. 2008) (noting that the adversarial process normally aids the Court in determining whether the amount of attorney's fees requested is reasonable). Nonetheless, even in the absence of a response from Defendant and its counsel, the Court has a duty to ensure that the requested fees are reasonable. And, the Court is "an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman v. Housing Authority of the City of Montgomery*,

836 F.2d 1292, 1303 (11th Cir. 1988) (*quoting Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).

Here, having considered the experience of counsel, the location of the practice, the complexity of the case, and the Court's knowledge of market rates in the Ocala Division, the Court agrees that the requested hourly rate of $300.00 is appropriate. The Court also finds that the amount of time expended (9.4 hours) preparing and filing the two motions to compel and two motions for sanctions was reasonable.

Accordingly, within **10 days** of this Order, Excel, Attorney Haston, and Attorney DeCosta shall remit to Ms. Silvers $2,820.00 (9.4 hours x $300) which represents the reasonable attorney's fees and expenses incurred in the preparation and filing of the motions to compel and motions for sanctions.

**DONE** and **ORDERED** in Ocala, Florida on November 4, 2020.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 3 -